[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF STATUS CONFERENCE AND ORDERS
The court conducted a status conference, noticed to all parties, on April 6, 1998. Present were the following:
For the plaintiffs Anna Yale, Edwin Yale, and Gary Yale: Atty. George Romania and Atty. Michael Rizzo.
For the defendant Patrick Santamauro, fiduciary of the estate of Guy Garofolo: Patrick Santamauro, pro se.
For the defendant Kemper Insurance Co., Atty. Stacy Allen.
For the defendant Thompson Agency Inc., Atty. Stark.
For the defendants Midland National Insurance Co., and American Republic Insurance Co., Atty. Hinton.
For the defendant Great American Life Insurance Co., Atty. Butler.
For the defendant Security Connecticut Life Insurance Co., Atty. Donnelly.
For the defendants Bankers Life and Casualty Co. and United Presidential Insurance Co., and Philadelphia Life Insurance Co., Atty. Shaivin.
Not present or represented were defendants E.G. Harvin Co. CT Page 7017 and Underwriters Support Group.
The plaintiffs have withdrawn the action against defendants Travelers Insurance Co., Golden Rule Insurance Co. and Central United Life Insurance Co..
As a result of a status conference on April 6, 1998, this court entered the following orders:
Requests to Revise and Motions for Nonsuit for inadequateRevisions:
The defendants' Motions for Nonsuit against the plaintiffs for failing to adequately revise their complaint are denied. As to those counts in the complaint relating to the defendants who have made an issue of the revisions in the First Revised Complaint, the plaintiffs are ordered to file revised counts as to each of those defendants specifying what misrepresentations were made to any plaintiff on which the plaintiff relied in such a way that each such defendant may be liable as a result. The requests for further revisions are denied.
Schedule for Pleading:
The following schedule is entered by the court, without objection: The plaintiffs shall file a new complaint containing such revised counts on or before May 5, 1998. Any party not previously having filed an Answer may file a Motion to Strike on or before June 9, 1998. Plaintiff's response to any Motions to Strike shall then be filed on or before July 7, 1998. Oral argument shall occur on July 20, 1998. Those defendants choosing to file only an Answer shall do so on or before June 9, 1998.
Schedule for Discovery:
The following discovery schedule was entered by the court,without objection: The plaintiffs shall be entitled to serve Requests for Responses to Interrogatories and Requests for Production ("written discovery") against any defendants on or before May 5, 1998. Any defendant shall be entitled to serve written discovery against the plaintiffs on or before May 5, 1998. Responses to written discovery are to be made on or before July 7, 1998. The stay on defendants responding to written discovery is lifted by this order. No non-written discovery shall be allowed until after decision on any Motion to Strike. Objections to propounded CT Page 7018 questions or objections to requests for production of documents, if not resolved among the parties promptly, shall be brought to the attention of the court by telephone call to the clerk with a suggested date within 5 days when all affected parties can appear in court to resolve any discovery dispute. The opponent's availability for such an in-court conference or hearing shall be determined in advance of any telephone request to the court that it schedule such in-court resolution.
Avoidance of Piecemeal Adjudication:
Any party to any Motion or Objection to Request appearing on a Court Calendar shall bring this Memorandum and Order to the attention of the adjudicating authority by addressing the court in person or in writing before the adjudicating authority renders any decision. Any party may request a further status conference or a change in scheduling orders (only for good cause) by contacting the court through the clerk's office.
IT IS SO ORDERED.
Patty Jenkins Pittman Judge of the Superior Court